## A. HAASE & another *vs*. A. NONNEMACHER & another.

### April 29, 1875.

**Goods Ordered—Acquiescence by Buyer in Quality of Goods Delivered.**—Where one orders goods of a specified kind and quality, but takes no express warranty, and after they are sent him, and he has examined them, he keeps them beyond a reasonable time, without notifying the seller of any objection to the quality, he will be deemed to have acquiesced in it, as in accordance with his order, and cannot afterwards claim damages because of defects in the quality.

Action upon three promissory notes. Defence, that the notes were given for the price of certain tobacco sold by plaintiffs to defendant Nonnemacher, under a representation, made when the tobacco was ordered, that such tobacco should be of the best quality; but that the tobacco delivered was of inferior quality, and unfit for defendant's use, to defendant's damage in the sum of $200, which he asks to recoup against any claim plaintiffs may prove.

At the trial in the district court for Winona county, before *Mitchell*, J., the following facts appeared from the evidence, and were admitted by the parties:

Plaintiffs were wholesale dealers in tobacco, at Milwaukee, Wisconsin, and defendant Nonnemacher was a manufacturer of cigars at Winona, Minnesota. In November, 1871, the plaintiffs at Winona applied to the defendant, and solicited him to purchase some tobacco from them, and requested his order to that effect, and represented to him that they could furnish him a tip-top article of number one tobacco, of certain kinds then and there named. The defendant, relying on the recommendation and representations of plaintiffs, then and there gave them his order for a certain quantity of tobacco, of the kinds and quality aforesaid. There was no tobacco there present or delivered, but, by the terms of the order, the tobacco was thereafter to be shipped by plaintiffs, from Milwaukee, consigned to defendant at Winona. The price was agreed on by the parties at the time of giving the order, which was verbal. Afterwards the plaintiffs shipped

the quantity of tobacco ordered, from Milwaukee, consigned to defendant at Winona.

Defendant received the tobacco from the carrier, on its arrival at Winona, and thereafter examined it, and kept it, and used it in his business, without objection to plaintiffs as to its quality, and gave the plaintiffs his promissory notes for the purchase price, which he often promised to pay, and which, after maturity, were renewed, for his accommodation, by the notes in suit, which were also signed by Vill, the other defendant, as his surety. These promises, and the notes in suit, were made by Nonnemacher after he had used the tobacco, and had full knowledge of its quality.

These facts being admitted, the defendants introduced evidence tending to prove that the tobacco in question was not of as good quality as plaintiffs represented it should be, at the time the order therefor was given, and was not a number one quality of tobacco, but was, in fact, an inferior quality, and was of much less value than it would have been had it been of the quality which plaintiffs represented and agreed it should be, when defendant Nonnemacher ordered it, which alleged difference in value the defendants claimed should be set off and allowed them against the amount due on the notes in suit. Both parties then rested, whereupon the court, at plaintiffs' request, instructed the jury to find a verdict for plaintiffs for the full amount of the notes, to which instruction defendants duly excepted. The jury, as they were instructed, found a verdict for plaintiffs for the amount of the notes, upon which judgment was entered, and defendants appealed.

*Dyckson & Robinson,* for appellants.

There was an express warranty that the tobacco should possess certain qualities. The rights and remedies incident to, and connected with, an express warranty, apply equally to executed and executory contracts. The warranty is distinct from and independent of the contract of sale, not to be confounded with it, nor with the act of delivery. Its very object is to survive the act of delivery, and to be inde-

pendent of it, and to confer rights which might be subsequently enforced. Its essence consisted, not in the mere description of qualities existing in or attached to the article sold, the presence of which was a condition precedent to the obligation to accept, which condition was waived by an unqualified act of acceptance, but in the personal responsibility of the vendor for the truth of his undertakings, which was designed to be equivalent, in force and duration, to other engagements of a like description, to outlive the mere act of acceptance, or passing of title, and the breach of which would not only furnish just occasion for refusal to accept, but a cause of action for a breach of contract, if the purchaser chose to receive and accept the article sold, and to rely on the personal engagement of the vendor. There was no necessity for a refusal to accept, for the mere receipt and acceptance of articles purchased, though not answering the contract, never destroys the obligations of an express warranty. *Day* v. *Pool*, 52 N. Y. 416.

Keeping goods, delaying to give notice of defects, etc., may furnish strong presumption against the alleged breach of warranty, but cannot bar the buyer from suing for, or recovering, his damages for such breach, if proved. *Muller* v. *Eno*, 14 N. Y. 597; *Waring* v. *Mason*, 18 Wend. 425; *Boorman* v. *Jenkins*, 12 Wend. 566; *Foot* v. *Bentley*, 44 N. Y. 166; *Poulton* v. *Lattimore*, 9 B. & C. 259.

*G. & W. Gale*, for respondents.

In an executory contract for the sale of personal property, the law implies that the article, when furnished, shall be of merchantable quality, *Hargous* v. *Stone*, 5 N. Y. 73, and superadding to the terms of the contract words expressing an obligation which the law implies does not change the nature and extent of the obligation, or the remedy upon it. *Sprague* v. *Blake*, 20 Wend. 61. The facts proved do not show a warranty, and the rules of law in respect to warranties do not apply in this case. A breach of the contract is not a breach of warranty, but a mere failure to comply with the terms of a simple contract of sale.

The defendants having examined and used the goods, without objection, and accepted the same, are bound by such acceptance. *Fisher* v. *Samuda*, 1 Camp. 190 ; *Grimaldi* v. *White*, 4 Esp. 95 ; *Hopkins* v. *Appleby*, 1 Starkie, 477 ; *Milner* v. *Tucker*, 1 C. & P. 15 ; *Hart* v. *Wright*, 17 Wend. 275 ; *Sprague* v. *Blake*, 20 Wend. 61 ; *Howard* v. *Hoey*, 23 Wend. 350 ; *Hargous* v. *Stone*, 5 N. Y. 73 ; *Gillespee* v. *Torrance*, 25 N. Y. 306 ; *Reed* v. *Randall*, 29 N. Y. 358 ; *McCormick* v. *Sarson*, 45 N. Y. 265 ; *Beck* v. *Sheldon*, 48 N. Y. 365 ; *Shields* v. *Pettee*, 2 Sandf. 262 ; *Fitch* v. *Carpenter*, 43 Barb. 40 ; *Leavenworth* v. *Packer*, 52 Barb. 132 ; *Neaffie* v. *Hart*, 4 Lans. 4.

When the purchaser delays to offer to return the goods, or does any act equivalent to acceptance, employment or disposition of the goods, after he knows their deficiency, it will be construed, either as an admission that there was no deficiency, or as a waiver of his right to rescind the sale because of such deficiency. *Groning* v. *Mendham*, 1 Starkie, 257 ; *Percival* v. *Blake*, 2 C. & P. 514 ; *Cash* v. *Giles*, 3 C. & P. 407 ; 1 Pars. Cont. 593.

The case of *Day* v. *Pool*, 52 N. Y. 416, relied on by appellants, was decided by a divided court, Church, C. J., and two others dissenting, and is of little weight as an authority.

GILFILLAN, C. J. As the facts are stated in the bill of exceptions, the plaintiffs applied to the defendant Nonnemacher, at Winona, and solicited him to buy tobacco from them, representing to him that they could furnish him a " tip-top article of number one tobacco," of certain specified kinds. Nonnemacher, relying on the representations, gave plaintiffs his verbal order for a certain quantity of the kinds and quality mentioned, to be shipped by plaintiffs at Milwaukee, to him at Winona. No tobacco was delivered or exhibited to him, at the time of the order. The quantity ordered was shipped to him, and by him received, examined and kept, without any objection as to the kind or quality.

This is an executory contract to sell by description. Under such a contract, the seller must, in performance on his

part, furnish goods of the kind and quality called for by the description, or the purchaser need not receive them. *Chanter* v. *Hopkins*, 4 M. & W. 399; *Nichol* v. *Godts*, 10 Exch. 191; *Shepherd* v. *Kaine*, 5 B. & Ald. 240; *Taylor* v. *Bullen*, 5 Exch. 779; *Bannerman* v. *White*, 10 C. B. (N. s.) 844; *Howard* v. *Hoey*, 23 Wend. 350.

That the goods must answer the description is a condition precedent. The obligation on the seller is not, in the absence of an express warranty, properly that of warranty, although it has often been, rather loosely, spoken of as such. The seller may, upon such a sale, as upon a sale *in presenti*, expressly warrant their quality, and when he does, his liability will, of course, be the same as under a warranty upon a sale *in presenti*.

Upon a sale by description, without express warranty, the purchaser is entitled to a reasonable time and opportunity, after the goods are sent him, to examine them, and determine if they are in accordance with the contract. When he has ascertained the quality, he must notify the seller of any objection he may have, so as to give the seller an opportunity to take them back, or if he keeps them without objection, after he has ascertained the quality, he will be deemed to have acquiesced in it, as in accordance with the contract. *Fisher* v. *Samuda*, 1 Camp. 190; *Milner* v. *Tucker*, 1 C. & P. 15; *Cash* v. *Giles*, 3 C. & P. 407; *Sprague* v. *Blake*, 20 Wend. 61; *Hargous* v. *Stone*, 5 N. Y. 73; *Shields* v. *Pettee*, 2 Sandf. 262; *Reed* v. *Randall*, 29 N. Y. 358; *McCormick* v. *Sarson*, 45 N. Y. 265.

Nonnemacher, having kept the tobacco after he examined it, and for nearly two years neglected to notify the plaintiffs of any objection as to the quality, must be held to have acquiesced in it. The judgment below is affirmed.