GEORGE BENZ and another *vs.* GEORGE GEISSELL.

September 28, 1877.

**Execution—Leviable Interest—Goods Delivered to be Sold on Commission.—** Plaintiffs delivered to one Miller a stock of liquors to sell on commission, as their agent or factor, for them and in their name, with the understanding that Miller would open a store, proceed to sell the goods, bear all the expenses of carrying on the business, account to plaintiffs for the proceeds at an agreed invoice price, retaining as compensation for his services and expenses whatever might be realized therefrom over and above such invoice price; it being also agreed that plaintiffs should have the right of absolute control over the goods at all times. *Held,* that Miller had no leviable interest in such property liable to seizure on execution.

**Verdict—When to be Sustained by Appellate Court.**—If, upon any reasonable theory of the evidence, the verdict of a jury can be upheld, it is the duty of an appellate court to sustain it.

Replevin, to recover a stock of liquors levied upon by the defendant, as the sheriff of Stearns county, under an execution against one Miller. The action was brought in the district court for Stearns county, and was tried before *McKelvy,* J., and a jury. The jury rendered a verdict for the plaintiffs,

and a motion for a new trial having been denied, the defendant appealed.

*Davis, O'Brien & Wilson,* and *Oscar Taylor,* for appellant.

This was a contract of sale, (*Depew* v. *Keyser,* 3 Duer, 335; *Suydam* v. *Hotchkiss,* Lalor's Supplement to Hill & Denio, 96–103; *Harrison* v. *Williamson,* 2 Edw. Ch. 430; *Mills* v. *Hallock,* Id. 651; *Taylor* v. *Perkins,* 26 Wend. 124; *Ludden* v. *Hazen,* 31 Barb. 650; *Tryler* v. *Strang,* 21 Barb. 198; *Bonesteel* v. *Flack,* 41 Barb. 435,) and the condition therein was void. Laws 1873, *c.* 65. Moreover replevin would not lie where the plaintiff had not established a legal title to the goods, (*McCurdy* v. *Brown,* 1 Duer, 101,) and was not vested with the right of immediate possession. *Howland* v. *Fuller,* 8 Minn. 30, (50;) *Berthold* v. *Holman,* 12 Minn. 335; *Berthold* v. *Fox,* 13 Minn. 501.

Here, however, the action would not lie, because the goods were in the custody of the law; (*Thompson* v. *Button,* 14 John. 84;) and in any event a demand should have been first made. *Vose* v. *Stickney,* 8 Minn. 51, (75;) *Stratton* v. *Allen,* 7 Minn. 412, (505.)

*Rogers & Rogers* and *L. W. Collins,* for respondents.

The verdict in this case is sustained by abundant evidence, and will therefore not be disturbed by this court. *Hinkle* v. *L. S. & M. R. Co.* 18 Minn. 297; *Egan* v. *Faendel,* 19 Minn. 231. It was unnecessary to allege or prove a demand in this case because the taking was wrongful, and the plaintiffs were thereby unlawfully deprived of the peaceable possession of their property. *Stratton* v. *Allen,* 7 Minn. 412, (505;) *Kronschnable* v. *Knoblauch,* 21 Minn. 56; *Pierce* v. *Vandyke,* 6 Hill, 613; *Lewis* v. *Masters,* 8 Blackf. 244; *Smith* v. *McLean,* 24 Iowa, 322; *Ledley* v. *Hays,* 1 Cal. 160; *Butters* v. *Haughwout,* 42 Ill. 18; *Stillman* v. *Squire,* 1 Denio, 327; *Delancey* v. *Holcomb,* 26 Iowa, 94; *Perkines* v. *Barnes,* 3 Nev. 557; *Purves* v. *Moltz,* 2 Abb. (N. S.) 409; S. C. 32 How. Pr. 478; *Trudo* v. *Anderson,* 10 Mich. 357; *Simser* v. *Cowan,* 56 Barb. 395. In any event the service of the affidavit, under the statute,

upon the defendant, was full notice that the plaintiffs claimed to be the owners of the goods.

CORNELL, J. When the testimony concerning a controverted fact which is put in issue, and which it is the province of the jury to determine, is at all conflicting, or when more than one deduction can be fairly drawn therefrom, it is the duty of a court always to uphold a verdict predicated thereon, if, upon any reasonable theory of the evidence, it can be done. In this case there is evidence reasonably tending to establish the following facts, which, it must be assumed, were found by the jury, by their verdict, in favor of the plaintiffs.

At the time of the levy by defendant, under the execution against Miller, the goods in question belonged to the plaintiffs as the general owners, and Miller simply held the possession under, and in pursuance of, a verbal arrangement between him and them, by which it was mutually agreed that plaintiffs would supply him, as their agent or factor, to sell for them and in their name, on commission, with a stock of liquors, at an invoice price—20 per cent. less than they usually sold to other parties—and keep the same replenished from time to time; and that Miller, as such, their agent or factor, would receive the goods, open a store at St. Cloud, and proceed to sell the same as their agent and in their name, accounting to them for the proceeds at such, the invoice price, retaining as compensation for his services, expenses, and commissions, in conducting the business and making the sales, the excess realized over and above the invoice price. It was expressly understood, between the parties, that the right of absolute control of the goods should continue in the plaintiffs. Licenses for carrying on the business were taken out by them, in their name, under the revenue laws of the United States. At the time this arrangement was entered into Miller was insolvent— a fact which was then known to the plaintiffs—and caused them to refuse to sell him any goods on credit, or to entrust him with any, except as their agent or factor, as aforesaid. They never consented to his dealing with the goods in any

other way than as authorized by this arrangement, nor had they any knowledge of his so doing. The judgment against Miller upon which the execution was issued, upon which the levy was made, was recovered prior to this arrangement between him and the plaintiffs.

Upon these facts, which the jury were warranted in finding from the evidence, both the right of property and of possession were in the plaintiffs, as against the claim of the defendant, under and by virtue of the execution, and the levy made thereon; and defendant, in the execution, therefore, had no leviable interest in the property seized by virtue of the process. *Vose* v. *Stickney,* 8 Minn. 51, (75.) If any demand was necessary, the service of the affidavit of the claim and ownership, before commencing the action, was sufficient. The position that replevin will not lie because, being seized on execution, the property was in the custody of the law, is untenable, and not supported by the case of *Thompson* v. *Button,* 14 John. 84.

As no point is made in this court upon any of the rulings of the court in submitting the case to the jury, or in the reception of evidence, it is useless to consider them. The order denying a new trial is accordingly affirmed.