JOSEPH H. THOMPSON *vs.* ROWLAND C. LIBBY.

July 15, 1886.

**Sale—Contract held to be Executory.**—A contract for the sale of a specified lot of logs, at a stated price per 1,000 feet, to be transported by the vendor to a distant place of delivery, and there measured, delivered, and paid for, considered *executory*, and not an executed sale.

**Same—Implied Warranty—Condition—Waiver.**—At the time of making such an *executory* contract, the logs being so situated that they could not then be inspected by the vendor, any undertaking which may be implied on the part of the vendor as to the merchantable quality of the logs is to be treated as a *condition*, rather than a warranty as to defects which were, or, being obvious upon inspection, might have been, discovered when the logs were delivered in performance of the contract; and the receiving and retaining of the logs by the vendee under the contract has the effect of a waiver of such implied condition as to quality.

Same — Property Bought for Particular Use — Implied Warranty.—
In a purchase of specific defined property no warranty is implied from
the mere fact that the vendor knew that the vendee intended to use the
property for a particular purpose.

After the decision of the former appeal in this action, (reported
34 Minn. 374,) the defendant amended his answer. This appeal
was taken by defendant from an order of the district court for Dakota
county, *Crosby*, J., presiding, sustaining a demurrer to the amended
answer.

*Stringer & Seymour*, for appellant.

The contract being executory, there was an implied warranty
that the logs delivered should be merchantable. *McClung* v. *Kelley*,
21 Iowa, 508; *Reed* v. *Randall*, 29 N. Y. 358; *Gallagher* v. *Waring*,
9 Wend. 20; *Howard* v. *Hoey*, 23 Wend. 350, (35 Am. Dec. 572;)
*Misner* v. *Granger*, 4 Gilm. (Ill.) 69; *Babcock* v. *Trice*, 18 Ill. 420,
(68 Am. Dec. 560;) *Fish* v. *Roseberry*, 22 Ill. 288.

There being such implied warranty, the case is unlike a mere sale
by description. The buyer may receive the goods and rely on the
warranty. And even in case of a sale of goods by description, it is
enough that the buyer notify the seller of any objection he may have,
and so give the seller an opportunity to take them back. *Haase* v.
*Nonnemacher*, 21 Minn. 486; *Reed* v. *Randall*, 29 N. Y. 358. And
the answer alleges that as soon as the first instalment of logs was
delivered, the defendant complained and objected to them, and was
only induced to accept them by the representations that the logs
which would be afterwards delivered should be superior to those al-
ready delivered. The case in this particular does not differ from
*Day* v. *Pool*, 52 N. Y. 416, approved in *Maxwell* v. *Lee*, 34 Minn. 511,
(27 N. W. Rep. 196.) This representation was in itself a warranty.
*Warder* v. *Bowen*, 31 Minn. 335.

*W. E. Hale*, for respondent.

DICKINSON, J. This is an appeal from an order sustaining a de-
murrer to the answer to the amended complaint. The action is for
the recovery of the price of logs sold by the plaintiff to the defend-
ant. The defendant asserts as a counterclaim the breach of an im-
plied warranty that the logs were of a merchantable quality. The

case shown by the pleadings may be thus stated : The contract was in writing, signed by the parties, and was in the following terms :

"HASTINGS, MINN., June 1, 1883.

"I have this day sold to R. C. Libby, of Hastings, Minnesota, all my logs marked 'H. C. A.,' cut in the winters of 1882 and 1883, for ten dollars a thousand feet, boom scale, at Minneapolis, Minnesota. Payments cash, as fast as scale bills are produced."

At the time of making the contract the logs were, as the appellant claims, and as we will treat his answer as showing, so situated, far up the Mississippi river, that they could not be examined by the defendant, and he did not see them until they were afterwards delivered. The plaintiff was to transport the logs to Minneapolis, where they were to be scaled and delivered. This was done, and the defendant received the logs, and appropriated them to his own use, although in the course of the delivery the defendant complained of their defective quality. The plaintiff is further alleged to have known that the defendant intended to use the logs for the manufacture of lumber. It is also alleged that they were unsound, decayed, and unmerchantable.

We will assume that, it being impossible for the defendant to examine the property at the time of making this contract, an implication attends the contract that the property is of a merchantable quality. But the contract was, upon its face, *executory*, and not an executed sale. The appellant concedes this, and such is its proper construction. *Martin* v. *Hurlbut*, 9 Minn. 132, (142;) *Sherwin* v. *Mudge*, 127 Mass. 548; *Lingham* v. *Eggleston*, 27 Mich. 324; *Kein* v. *Tupper*, 52 N. Y. 550; *Devine* v. *Edwards*, 101 Ill. 138; *Olson* v. *Mayer*, 56 Wis. 551, (14 N. W. Rep. 640;) *Nicholson* v. *Taylor*, 31 Pa. St. 128, (72 Am. Dec. 728.)

The contract being executory, the assumed implication that the property was of a merchantable quality is to be treated as a *condition* rather than a warranty, as to defects which were obvious upon inspection, and which were, or might have been, discovered when the contract was performed by the delivery of the logs; and the receiving and retaining of the logs under the contract, with knowledge of such

defects, had the effect of an acceptance of the property delivered as a performance of the executory contract, and a waiver of the implied condition. *Haase* v. *Nonnemacher*, 21 Minn. 486, and cases there cited; *Maxwell* v. *Lee*, 34 Minn. 511, (27 N. W. Rep. 196;) *Gaylord Mfg. Co.* v. *Allen*, 53 N. Y. 515; *Locke* v. *Williamson*, 40 Wis. 377; *Olson* v. *Mayer*, 56 Wis. 551, (14 N. W. Rep. 640;) Pollock, Cont. 464.

The fact alleged, that the defendant "complained" and "objected" that the logs were unsound, would not affect the application of this principle to this case, in the face of the fact that he did receive the property delivered under this contract, and retained and used it without making any other contract. *Olson* v. *Mayer, supra.* No warranty was implied merely from the fact that when the defendant contracted for the purchase of this specific property, then existing, the plaintiff knew that the defendant intended to use it for the manufacture of lumber. *Cosgrove* v. *Bennett*, 32 Minn. 371, (20 N. W. Rep. 359;) *Whitmore* v. *South Boston Iron Co.*, 2 Allen, 52, 58; *Hight* v. *Bacon*, 126 Mass. 10; *Port Carbon Iron Co.* v. *Groves*, 68 Pa. St. 149; *Mason* v. *Chappell*, 15 Grat. 572, 584; *Rasin* v. *Conley*, 58 Md. 59; *Gachet* v. *Warren*, 72 Ala. 288; *Jones* v. *Just*, L. R. 3 Q. B. 197, 202.

Order affirmed.