### JOSEPH H. THOMPSON *vs.* ROWLAND C. LIBBY.

### December 22, 1886.

**Fraud in Executory Contract of Sale—Waiver by Acceptance of Property after Discovery.**—If a person who has been induced by fraud and deceit to enter into an executory contract for the purchase of personal property, to be delivered and paid for in the future, discovers the fraud while the contract is still wholly executory, and yet thereafter accepts the property under the contract, and uses it, he cannot maintain an action for damages for the fraud, or recoup them in an action against him for the purchase price of the property.

Action brought in the district court for Dakota county, to recover the price of logs sold and delivered. After the decision of the second of the former appeals mentioned in the opinion, the defendant amended his answer. The amended answer states that the logs were delivered under an agreement made June 1, 1883, and signed by defendant and by plaintiff's agent, as follows: "I have this day sold to R. C. Libby, of Hastings, Minnesota, all my logs marked 'H. C. A.,' cut in the winters of 1882 and 1883, for ten dollars a thousand feet boom scale at Minneapolis, Minnesota, payments cash as fast as scale bills are produced;" and that at the date of the contract the logs were floating in the Mississippi river; and after stating the

same representations and matters relied on, on the before mentioned appeal, as constituting a warranty of quality and a breach, alleges that upon these "representations and warranties the defendant relied in purchasing the logs mentioned in the complaint," and "that such warranties and representations were fraudulent and false, and well known to the agent of said defendant to be untrue, and were made with the intention of deceiving and misleading the defendant." The answer goes on to allege that, after delivery of the first instalment of the logs, the defendant complained of their unsoundness, and was induced to accept them by the representation that the logs that would be afterwards delivered would be superior to those already received, but that the logs continued to be unsound and decayed, and that afterwards in the spring of 1884 the defendant made the same complaint and objection, and afterwards the defendant continued to receive the logs as delivered, and to appropriate them to his own use.

Upon plaintiff's motion, judgment in his favor on the pleadings was ordered by *Crosby*, J., from which judgment the defendant appeals.

*Stringer & Seymour*, for appellant.

*W. E. Hale*, for respondent.

MITCHELL, J. This case has already been twice before this court. 34 Minn. 374, (26 N. W. Rep. 1,) and 35 Minn. 443, (29 N. W. Rep. 150.) Since it was last here, defendant has amended his answer, setting up deceit and fraudulent representation on part of plaintiff, by reason of which defendant was induced to enter into the contract. There is no question of breach of warranty in the case. That has been entirely eliminated by the decisions of this court on the former appeals. The answer is an attempt to recoup damages caused by the alleged fraud and deceit. It will be recollected that the contract was, at its inception, when the alleged fraud was committed, wholly executory. 35 Minn. 443, (29 N. W. Rep. 150.) There is no allegation in the answer that at the time when defendant received the logs he had not discovered the fraud, or that he then relied at all on these false representations. On the contrary, we think it appears affirmatively from the allegations of the answer that defendant discovered the fraud while the contract was still wholly executory, but

that notwithstanding this he afterwards accepted the property under the contract, used it, and in part paid for it.

The case, then, squarely raises this question: Can one who has been induced by fraud and deceit to make an executory contract for the purchase of personal property, to be delivered and paid for in the future, but who, having discovered the fraud while the contract is yet wholly executory, nevertheless thereafter accepts and uses the property, still maintain an action for damages for the fraud, or, which is the same thing, set them up by way of recoupment in an action against him for the purchase-money? If the contract be executed in whole or in part, before the fraud is discovered, it is well settled that the purchaser need not rescind, but may retain the property, and also bring his action for damages on account of the deceit. But to allow a person who has discovered the fraud while the contract is still wholly executory to go on and execute it, and then sue for the fraud, looks very much like permitting him to speculate upon the fraud of the other party. It is virtually to allow a man to recover for self-inflicted injuries. The fraud is really consummated, and the damages incurred, by the acceptance of the property and paying for it. And if this is done after the fraud is discovered, the purchaser cannot say that he sustained this damage by reason of the fraud. It seems to us that if a party discovers the fraud before he enters upon the performance of the contract, he must decide whether he will go on under it or rescind. He cannot say it is a good contract for the purpose of authorizing him to accept the property, but not binding on him as to the price to be paid for it.

The case is not analogous to that of an executory contract with an express warranty, where an action for the breach of the warranty will survive the acceptance of the property. The warranty itself is a contract collateral to the contract of sale; and, in accepting the property under the contract of sale, the purchaser does not at all waive his rights under the warranty. An action for a breach of the warranty is an action on the contract, whereas the *gist* of an action for fraud and deceit is, not any breach of the contract, but that the party has been led, to his damage, by fraud, into making it. *Saratoga & S. R. Co.* v. *Row*, 24 Wend. 74, (35 Am. Dec. 598;) *People*
v.36m—19

v. *Stephens*, 71 N. Y. 527. It seems to us that this is sound upon principle, and we find no *decision* to the contrary, although we admit our surprise at finding so little direct authority upon the question. We find several cases in which expressions are used seeming to support the contention of appellant in this case, but an examination of the facts will show that in all of them the remarks were entirely *obiter*. In every case it appears that the contract had been executed, in whole or in part, before the discovery of the fraud. See *Whitney* v. *Allaire*, 1 N. Y. 305; *Mallory* v. *Leach*, 35 Vt. 156; *Parker* v. *Marquis*, 64 Mo. 38. The answer, therefore, did not state facts constituting either a defence or a counterclaim, and the court was right in ordering judgment for plaintiff on the pleadings.

Judgment affirmed.