HARRIET N. BARTLESON v. H. A. VANDERHOFF and Another.[1]

November 10, 1905.

Nos. 14,602—(86).

**Agent's Profits.**

The rule that an agent is responsible for profits fraudulently obtained at the expense of his principal applies only when the agency is established. On the facts in this case, the existence of that relationship was for the jury.

**Fraud of Agent.**

An owner of land, which his agent has sold, cannot recover damages from that agent for fraud, where such owner, knowing of a resale by the vendee and suspecting his agent of connivance in such resale at an advanced price, refuses, when the contract is still executory, to avail himself of easy means of ascertaining the truth, and nevertheless executes the contract.

Appeal by plaintiff from an order of the municipal court of Minneapolis, Waite, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of defendants. Affirmed.

*C. H. Rossman,* for appellant.

*L. R. Thian,* for respondents.

JAGGARD, J.

The defendant Thian, knowing that one Nelson wanted to buy in the vicinity of a lot belonging to plaintiff, sent his office mate, a real estate broker, defendant Vanderhoff, to her husband "to get Mr. Bartleson's least cash price for that lot and to get a commission"; telling him, "I will furnish the money to buy the lot." Vanderhoff saw Mr. Bartleson, the husband and agent of the plaintiff. As the result of the negotiations Bartleson agreed to sell for $450 and to give Vanderhoff a five per cent. commission. The plaintiff executed the contract of sale to Thian, and Thian contracted to sell to Nelson for $500. This action is brought to recover from both defendants $50 (being the difference between $450, the price for which plaintiff sold the lot to

[1] Reported in 104 N. W. 820.

Thian, and $500, the amount for which the lot was sold to Nelson), and also $22.50 (paid to Vanderhoff as commission). The defendants moved the court for a directed verdict, which was granted as to Thian only. Defendant Vanderhoff had a verdict. The plaintiff moved for judgment notwithstanding the verdict, or for a new trial, which motions were denied.

One of the plaintiff's principal contentions is that the record conclusively shows Vanderhoff to have been the plaintiff's agent, and as such to have been guilty of a fraud, to which Thian was a party, in failing to advise his principal of the increased price for which the lot could be sold. This court has repeatedly held and emphasized that an agent will not be allowed to place himself in a position in which duty and interest conflict, or to make profit out of his agency at the expense of his principal, without full knowledge and consent of his principal. In this case there would be no question that the plaintiff's conclusion was right if the testimony bears out his contention as to the facts. Hegenmyer v. Marks, 37 Minn. 6, 32 N. W. 785; Kingsley v. Wheeler. 95 Minn, 360, 104 N. W. 543. Vanderhoff went to Bartleson as the agent of Thian. He did not make himself the agent of Bartleson by asking the ownership and price of the lot. Inter alia, Vanderhoff testified:

> I gave him [Mr. Bartleson] a blank contract and deed. * * * After I had returned to my office Mr. Bartleson telephoned to me that he thought that it was not necessary for Mrs. Harriet Bartleson to sign that contract, that I could sign it. And I said: "No, sir; I am not her authorized agent, and I have no authority to sign papers," and insisted upon her signature to the papers, which he procured on the day that the contract was drawn.

The fact that Vanderhoff was to receive a commission was not absolutely conclusive for the plaintiff. Defendants insist that the $22.50, being five per cent. of $450, while referred to by the parties as a commission, was in point of fact a mere deduction from the price to be paid. Mr. Bartleson testified:

> Q. So that he made the lot net you $450, less $22.50? A. That is right. Q. You were glad to sell it at that price? A.

I fixed the price at $500. Q. And finally? A. I finally told him we would take $450. Q. Less $22.50 for him? A. Yes, sir. Q. That was the price at which you fixed? A. Yes, sir.

This and other testimony conflicted with the testimony upon which plaintiff relies, and justified the court in submitting the question of agency of Vanderhoff to the jury, to be determined by it as a matter of fact. 3 Current Law, 70.

Apart from the question of agency, however, the plaintiff was not entitled to recover. He did not assign as error in this court the further charge by the trial court, to the effect that if the jury believed from the testimony that the deed was delivered and the balance of the purchase price received by Mr. Bartleson, with full knowledge on the part of Bartleson of conduct on the part of Mr. Vanderhoff, that at the time he made the sale, if he did make a sale for $450, he knew that he could sell the lot for $500, or if he might have known it and wilfully abstained from finding out the facts, for the purpose of availing himself of the alternative of an action of fraud, then the plaintiff could not recover. This instruction was properly given upon Mr. Bartleson's own testimony. When he delivered the perfected deed to Vanderhoff, he said to Vanderhoff that circumstances had come to his knowledge which indicated that this lot had already been sold to another for a higher price, and that he feared that he had been "ginned" —defrauded. The attorney who was examining the abstract for Mr. Nelson had told him of the sale. Mr. Bartleson testified:

I hardly think he told me how much Nelson was to pay for it. I think I asked him that question, and he said he didn't know, perhaps.

Vanderhoff corroborated this testimony, viz.: Mr. Bartleson said that, if he found it to be a fact that Vanderhoff had received a profit aside from the commission, he should commence action against him, and would recover the commission and the profit that was made, and would cause Vanderhoff trouble besides. Vanderhoff replied:

Mr. Bartleson, you will find everything all right. I sold the property to Mr. Thian, and if Mr. Thian has made any money on that deal it is none of your business or mine.

In this case there was abundance of testimony from which the jury might properly have inferred a wilful failure and neglect, for some ulterior purpose, to find out facts which the plaintiff might readily have ascertained. Under such circumstances he is not in a position to complain. "To allow a person who has discovered the fraud, while the contract is still wholly executory, to go on and execute it, and then sue for the fraud, looks very much like permitting him to speculate upon the fraud of the other party. It is fraudulent to allow a man to recover for self-inflicted injuries." Mitchell, J., in Thompson v. Libby, 36 Minn. 287, 289, 31 N. W. 52.

In Ballard v. Nye, 138 Cal. 588, 598, 599, 72 Pac. 156, 160, Lorigan, J., said: "With all these facts directly and strongly showing that Hayford [the assumed agent] had no right to the possession of this money, facts which should have suggested investigation and inquiry as to how he acquired it, the appellant made none. We are mindful of the general rule that a party must have full knowledge of all the material facts before the doctrine of ratification can be applied. 'Ignorance of such facts, however, can avail nothing, where it is intentional and deliberate, or where the circumstances are such. as reasonably to put the principal upon inquiry.' Mechem, Ag. § 148. This general rule is intended to protect the vigilant, not to aid those who, advised by the situation and surroundings that an inquiry should be made, make none; and ignorance of the existence of facts which might have been ascertained with ordinary diligence is no protection. Where the situation naturally and reasonably suggests that some inquiry or investigation should be made, and none is made, the person failing to make it will be deemed in law possessed of such facts as the inquiry would have disclosed." And see Truett v. Onderdonk, 120 Cal. 581, 588, 53 Pac. 26; Teall v. Slaven (C. C.) 40 Fed. 774; Wood v. Carpenter, 101 U. S. 135.

It follows that the order appealed from must be, and it is hereby, affirmed.