THE ENCYCLOPEDIA PRESS, INCORPORATED, v. J. O. HARRIS.[1]

April 26, 1918.

No. 20,828.

**Contract—waiver of right to rescind for fraud.**

    1. Receipt and retention of the benefit of a contract procured by fraud waive the right to rescind for the fraud.

**Same — fraud — action for damages.**

    2. If, while a contract is executory, one party discovers that he has been defrauded or learns facts that put him on inquiry and then executes the contract, he cannot thereafter sue for damages.

Action in the municipal court of Bemidji to recover $73, balance due on purchase price of an encyclopedia. The facts are stated in the opinion. From a judgment in favor of plaintiff, defendant appealed to the

[1]Reported in 167 N. W. 363.
140 M.—10.

district court for Beltrami county. The appeal was heard by Stanton, J., who ordered judgment in favor of plaintiff on the pleadings. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*A. A. Andrews,* for appellant.

*D. H. Fisk,* for respondent.

HALLAM, J.

Plaintiff sold defendant an encyclopedia in 15 volumes under a written contract. The price was $150 and payments were to be made $5 on delivery and $5 a month. Six years after defendant had received the books and after he had made about half the payments, plaintiff sued him for the balance of the price. He then answered, alleging that the parties made an oral agreement specifying full Morocco binding, and type of "pica and eleven point size," that plaintiff's agent fraudulently procured his signature to the written contract which provided for three-fourths Morocco binding and contained no specification of the kind of type. The books delivered were in accordance with the written contract. The trial court gave plaintiff judgment on the pleadings. Defendant appeals.

1. The trial court was right. Defendant seeks to both rescind his contract and at the same time recover damages for fraud in inducing it. In no event could he do both (Wilson v. New U. S. Cattle-Ranch Co. 73 Fed. 994, 20 C. C. A. 241), and, under the facts he alleges, he cannot do either.

He cannot rescind. By retaining the books for six years and making payments on the contract, he waived his right of rescission. Crooks v. Nippolt, 44 Minn. 239, 46 N. W. 349.

2. He cannot recover damages. If, while a contract is executory, one party discovers that he has been defrauded, or learns facts that put him on inquiry, his subsequent execution of the contract waives the fraud and affirms the contract, and he cannot thereafter sue for damages. Thompson v. Libby, 36 Minn. 287, 31 N. W. 52; Bartleson v. Vander-hoff, 96 Minn. 184, 104 N. W. 820; McDonough v. Williams, 77 Ark. 261, 92 S. W. 783, 8 L.R.A. (N.S.) 452, 7 Ann. Cas. 276.

It is clear that defendant was put on inquiry when the books were delivered.

He must have known, either that the written contract was different from the one he now pleads, in which case inquiry would easily disclose the facts.

Or else that the goods delivered were not as described in the contract, in which case he was obliged to reject them in order to preserve his rights. Haase v. Nonnemacher, 21 Minn. 486; Thompson v. Libby, 35 Minn. 443, 29 N. W. 150.

In any event, his quiescent receipt and retention of the books waived all right of complaint.

Judgment affirmed.