## J. M. DAWSON v. THUET BROTHERS.[1]

December 24, 1920.

No. 21,982.

**Sale—false representations of seller's agent—verdict sustained.**

1. The evidence in this case sustains the finding of the jury that defendant's agent procured plaintiff to purchase certain sheep by means of misrepresentation.

[1]Reported in 180 N. W. 534.

**Fraud not waived by completion of partly performed executory contract.**
2. If a party, induced by fraud to enter into a contract, discovers the fraud while the contract is still executory, and thereafter executes it, he waives the fraud. But, if he has partly performed the contract before discovery of the fraud, his completion of performance is not a waiver of the fraud.

**Appeal and error—when verdict will not be set aside because unsupported by evidence.**
3. Against objection that the verdict is not sustained by the evidence and is contrary to law, the verdict will not be set aside in this court, unless clearly and palpably against the evidence.

**Fraud—evidence that contract was not wholly executory when fraud was discovered.**
4. Property sold was consigned to the vendee and the vendee took it from the carrier, paid the freight or obligated himself to the carrier to pay it, and there is evidence that he paid a draft for the price attached to the bill of lading, and that thereafter plaintiff discovered the misrepresentation. There was ample evidence that the contract was not wholly executory when the misrepresentation was discovered.

**Damages not excessive.**
5. The damages allowed are not excessive.

Action in the district court for Ramsey county to recover $2,000 for fraudulent representations and warranties in a sale of 252 sheep. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict for $1,635.40. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John J. Keefe*, for appellant.

*James Manahan, Thomas V. Sullivan* and *J. D. Hoogesteger*, for re spondent.

HALLAM, J.

This is an action to recover damages for misrepresentation, inducing a contract of sale. The jury found for the plaintiff and defendant appeals.

1. About January 4, 1917, defendant agreed to sell plaintiff 252 head of sheep at $10.50 a head. The contract was oral and was made by

long distance telephone. The sheep were at Huron, South Dakota, and were to be shipped by rail to plaintiff at Monango, North Dakota. Plaintiff alleged that defendant's agent represented that the sheep were of the same grade, quality and size, as sheep that plaintiff had purchased from defendant a short time before, and that they were strong and healthy, and that these representations were untrue.

The evidence is quite sufficient to sustain the finding of the jury that the representations were made and that they were not true.

2. Defendant, however, makes the contention that plaintiff accepted the sheep, paid for them, and fully executed the contract, after discovery of the misrepresentations, and thereby waived any right which he might have had to maintain an action for damages for fraud.

If a party induced by fraud to enter into a contract, discovers the fraud while the contract is still executory and thereafter executes the contract, he is held to have waived the fraud, for he has, in effect, reaffirmed the contract in the light of the actual facts and conditions as he then knows them to exist. Thompson v. Libby, 36 Minn. 287, 31 N. W. 52; The Encyclopedia Press, Inc. v. Harris, 140 Minn. 145, 167 N. W. 363; McDonough v. Williams, 77 Ark. 261.

But, where he has performed the contract in part before discovery of the falsity of the representations, he is not obliged to retrace his steps but may complete performance of the contract without waiving the fraud, and may then bring an action for damages for deceit. Humphrey v. Sievers, 137 Minn. 373, 163 N. W. 737.

3. The question is, was the contract wholly unexecuted at the time of the discovery of the fraud, or, in other words, was it executed after discovery of the fraud? We do not find that this specific question was submitted to the jury. The trial court was not asked to submit it, and defendant is not now complaining of the charge of the court. The contention on appeal is that the verdict is not justified by the evidence and is contrary to law, and this contention will not be sustained unless the evidence is manifestly and palpably insufficient. Johnson v. Quinn, 130 Minn. 134, 153 N. W. 267. If, upon any reasonable theory, the evidence sustains the verdict, it will not be disturbed. Benz v. Geissell, 24 Minn. 169.

If defendant is to be permitted to now maintain this line of attack,

he should not prevail, unless, on this theory of the case, the evidence is clearly and palpably insufficient to sustain a verdict for plaintiff.

4. The facts are: Before shipment of the sheep from Huron to Monango, defendant's agent took the precaution of having his bank at Huron ascertain whether a draft for the price of the sheep would be accepted on presentation. The bank was advised, apparently either by plaintiff or his banker, at least by someone whose assurance satisfied defendant, that the draft would be accepted. Defendant then shipped the sheep, consigning them to plaintiff, and defendant's agent drew a draft on plaintiff for the price and instructed his banker to attach the draft to the bill of lading. Plaintiff lived on a farm five and one-half miles from Monango. At the time the sheep arrived at Monango, he was ill and confined to his house. He sent his sons to get the sheep and drive them to the farm. They did so.

Plaintiff "had no right to unload the sheep until the freight was paid." Just how the boys did obtain them does not appear, but the freight was later paid by plaintiff's banker. Without doubt, by the fact of unloading, plaintiff incurred the obligation to pay it. The draft for the price was stamped "paid January 10th, 1917," the day after the sheep were received. It had been drawn on "J. M. Dawson, Monango, N. D. through Farmers and Merchants State Bank." It was payable to the Huron bank and had doubtless been forwarded with the bill of lading attached as defendant had directed. Plaintiff's testimony is that the draft was paid before the sheep were received. The stamp on the draft is not conclusive to the contrary. After the sheep had been driven to plaintiff's farm, the fraud was discovered. They had then been delivered. They were on a farm in North Dakota in midwinter with defendant hundreds of miles away, and, as above stated, there is evidence that the price had been paid. There is evidence that plaintiff within a few days gave defendant an opportunity to take the sheep back, but this is not of vital importance. There is ample evidence that the contract was not wholly executory when the fraud was discovered, and that plaintiff is entitled to stand upon his contract and to assert damages for the fraud.

The court instructed the jury as to the duties of a buyer in case of a sale of personal property by description. This had no bearing on the

theory of the case as presented by the parties on this appeal. But no exception was taken to this portion of the charge and no prejudice is claimed.

5. Appellant's brief raises the contention that the damages allowed were excessive. It is not necessary that we review the evidence pertaining to this contention. We think the evidence sustains the verdict.

Order affirmed.