## SIMON SEGAL v. WILLIAM GREENBERG.[1]

### January 21, 1921.

### No. 22,058.

**Broker — action for commission — no cause of action.**

The court was justified in holding that the evidence failed to establish a cause of action.

Action in the municipal court of Minneapolis to recover $674.30 commission on the sale of certain real estate. In his answer defendant specifically denied that plaintiff sold the property to A. Dolf, or that he was instrumental or responsible in any way, shape or manner for closing the deal between defendant and Dolf; and alleged that David Shapiro negotiated the sale and acted as the agent for defendant. The case was tried before Baldwin, J., who when plaintiff rested denied defendant's motion for dismissal of the action, made findings and ordered judgment in favor of defendant. From an order denying his motion for amended findings and conclusions or for a new trial, plaintiff appealed. Affirmed.

*Joss, Ohman & Fryberger,* for appellant.
*Sam J. Levy* and *A. H. Karatz,* for respondent.

TAYLOR, C.

Plaintiff sued for a commission claimed to be due him for procuring a purchaser for certain real estate in the city of Minneapolis belonging to defendant. The suit was tried to the court without a jury. The court found, in effect, that the evidence failed to establish a cause of action and directed judgment for defendant. Plaintiff appealed from an order denying a new trial.

The only question presented is whether the evidence conclusively established facts entitling plaintiff to a commission from defendant.

About September 1, 1916, defendant authorized plaintiff to sell the property for $25,000, in cash, net to him, with an express stipulation

[1]Reported in 180 N. W. 1000.

that defendant would pay no commission and that plaintiff must get his commission from the purchaser. This was the agreement as claimed by defendant. Plaintiff claimed that, although defendant had refused to pay a commission at first, he had finally agreed to do so. Aside from this, there is little or no dispute as to the facts. The agency was not exclusive and others were authorized to sell the property. Plaintiff failed to find a purchaser for cash, but found one Dolf who was will‧ing to trade Dakota land for the property. Plaintiff presented this proposition to defendant who rejected it, but offered to take $23,000 in cash. Plaintiff tried to induce Dolf to accept this offer, but Dolf declined it. The matter dragged along until the middle of April, 1917, when defendant called plaintiff by telephone and inquired whether he had found a purchaser and was informed that he had not. A day or two later, one Shapiro inquired of defendant concerning the property, saying that he had a customer for it. They made an appointment pursuant to which Shapiro and his customer came to defendant's office. Their negotiations resulted in a written contract by which defendant sold the property to the customer, Abraham Dolf, for the sum of $21,324.32. The contract provided that the purchaser must pay the commission if there was any to be paid. Defendant had never met Dolf until he was introduced by Shapiro and did not know that he was the man who had offered to trade Dakota land for the property until after the contract had been executed. On learning that Dolf was the man with whom plaintiff had been negotiating, defendant refused to perform the contract, unless Dolf gave him a bond to hold him harmless from any claim of plaintiff for a commission. Dolf gave the bond and defendant then conveyed the property to him. Subsequently plaintiff demanded a commission which defendant refused to pay and this suit followed.

The facts above outlined furnish no ground for disturbing the conclusion of the trial court. See Esterly-Hoppin Co. v. Burns, 135 Minn. 1, 159 N. W. 1069. The order is affirmed.