## ALBERT R. PEGORS v. J. B. HUFF.[1]

October 20, 1922.

No. 22,935.

**Purchaser of land entitled to recover secret profit retained by his broker.**

1. One contemplating the purchase of land hired a broker to buy it for him as cheaply as possible. A commission of $2 an acre was agreed upon. During the course of·the negotiation it was agreed that the seller's price should include the payment of the commission. The broker in fact added $25 an acre to the seller's price and he kept this amount. The purchaser is entitled to recover the amount received in excess of $2 per acre.

**Contract with seller not voidable because of broker's fraud.**

2. The fact that the purchaser performed his contract with the seller after he learned the facts does not bar recovery. He could not avoid his contract with the seller because of the broker's fraud.

**Recovery by purchaser not prevented by fact broker was agent for vendor.**

3. The fact that the broker was for some purposes the agent of the seller does not render the purchaser's contract void nor does it prevent his recovery, since the broker was not the seller's agent in the negotiation with the purchaser for compensation.

**Value of land immaterial.**

4. Evidence of the value of the land was not material.

Action in the district court for Steele county to recover $2,668. The answer denied that the relation of principal and agent ever existed between the parties relative to the matter in controversy. The case was tried before Childress, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $2,167.50. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Nelson & Nelson* and *Moonan & Moonan*, for appellant.
*Leach & Leach*, for respondent.

[1]Reported in 190 N. W. 43.

HALLAM, J.

1. Plaintiff was desirous of buying a farm. He went to defendant, a land agent. Through defendant he bought a farm. Plaintiff claims that, when the purchase of this farm was first discussed, defendant told him he thought it could be bought at $250 per acre, and he hired defendant as his agent to buy the farm at as low a price as possible and agreed to pay him $2 an acre for his services. He claims that defendant later advised him that the owner had raised the price to $275 per acre, but that out of that he would pay defendant's commission. It is a fair inference from his testimony that the commission was still understood to be $2 an acre. Plaintiff bought at $275 per acre. The fact was that the owner had not raised his price, but was willing to sell at $250 per acre net to him, and did sell at that price, and defendant raised the price to $275, and himself received and kept the difference of $25 per acre. The court instructed the jury that, if defendant acted as plaintiff's agent through this transaction, he could not make a secret profit at the expense of his principal, and if such a profit was received he was obliged to account to plaintiff as his principal for it. The charge of the court was correct as a matter of law. See Robyn v. White, supra, page 78. The jury found for plaintiff, and, in so doing, necessarily found that defendant was plaintiff's agent and that he made this profit without plaintiff's knowledge or consent. The evidence is in conflict, but there is evidence to sustain this finding.

2. Defendant contends that "with knowledge of all the facts, and while the contract [with Stransky] was executory, plaintiff completed the contract," and that his right of recovery is therefore barred, on the familiar principle that where a party who has been defrauded in the formation of a contract, learns of the fraud while the contract is executory, his subsequent execution of the contract waives the fraud. See Bartleson v. Vanderhoff, 96 Minn. 184, 104 N. W. 820; Encyclopedia Press, Inc. v. Harris, 140 Minn. 145, 167 N. W. 363. We do not think this principle is applicable here. It is only when the party defrauded has an opportunity to turn back that this rule as to waiver by performance applies. Humphrey v. Sievers, 137 Minn. 373, 163 N. W. 737; Dawson v. Thuet Bros. 147 Minn. 429, 180 N. W. 534. Defendant did not learn the facts until

after he had entered into his contract with Stransky to purchase the land. He could not then turn back. Stransky had not wronged him and the fraud of defendant did not relieve plaintiff of his contract with Stransky.

3. Defendant contends that he was Stransky's agent and that if plaintiff was defrauded it was by Stransky's agent, and that his carrying out of the contract with Stransky after discovery of the fraud brought his case within the rule mentioned. We cannot take this view. If it be conceded that defendant was the agent of Stransky for some purposes, it is clear that he was not the agent of Stransky in the matter of negotiation with plaintiff for compensation. Plaintiff's testimony made defendant his agent, with the final understanding that Stransky was to pay his compensation. This situation is an anomalous one, often productive of trouble, and one not to be encouraged. Stumpf v. Norton, 124 Minn. 93, 144 N. W. 469. But if the parties see fit to enter into such an arrangement with their eyes open they may do so. Carlson, Inc. v. Babler, 144 Minn. 125, 174 N. W. 824; Heidegger v. Burg, 137 Minn. 53, 162 N. W. 889; Segal v. Greenberg, 148 Minn. 118, 180 N. W. 1000. Plaintiff's evidence made out a binding contract.

Defendant contends that under the decision of the Stumpf case plaintiff cannot recover. In that case a purchaser, who had agreed to pay a stipulated price for property, knew that out of such price the owners were to pay commission to a broker employed by the purchaser, but made no attempt to learn the amount, and the purchaser was held not entitled on these facts to recover any part of an alleged excessive commission. This case is different in that the amount of the commission to be paid by plaintiff was fixed, and plaintiff recovered on the theory that he had a right to understand that this amount was all defendant was to receive from Stransky.

4. Evidence as to the value of the land was properly rejected. Whatever its value, Stransky was willing to sell it for $250 an acre net, and he sold at that price. On plaintiff's theory of the case, defendant was obligated to buy it as cheaply as it could be bought, for a commission of $2 an acre, and plaintiff was damaged if he was induced to pay, by indirection, a larger commission. The

value of the land was therefore immaterial. The case is not like cases such as Doran v. Eaton, 40 Minn. 35, 41 N. W. 244, and Alden v. Wright, 47 Minn. 225, 49 N. W. 767, where a buyer is induced by fraud of the seller to buy.

Order affirmed.