MARGARET BELL and Husband *vs*. C. D. BAKER.

February 28, 1890.

**Disaffirming Lease for Fraud—Promptness Requisite.**—Rule, that one electing to disaffirm a contract for fraud must act promptly, applied in the case of a tenant continuing to occupy the leased premises for a long time after the discovery of the alleged fraud involved in the making of the lease.

Plaintiffs brought this action in the district court for Otter Tail county, to recover $240 rent reserved in a written lease, and $100 damages for breach of defendant's covenant to keep in repair. In his answer the defendant pleaded a counterclaim for $200 damages for alleged fraudulent representations made by plaintiffs at the time of the execution of the lease. At the trial before *Searle*, J., the jury were instructed to find for plaintiffs for the full amount claimed as rent, and also such damages as they should think plaintiffs entitled to. The defendant appeals from an order refusing a new trial.

*Chas. L. Lewis,* for appellant.

*C. C. Houpt,* for respondents.

DICKINSON, J.  The plaintiffs rented to the defendant certain premises for the term of three years, commencing on the 1st day of April, 1885, at a stipulated monthly rental.  The defendant occupied under the lease until July, 1887.  In this action the plaintiffs seek to recover the rental for the time subsequent to that date.  On the trial the defendant offered to prove that he was induced to enter into the contract by false and fraudulent representations of the lessors as to the condition of the premises as to warmth, and the purity of the water; which fraudulent representations the defendant had set forth in his answer.  The court rejected this evidence, and instructed the jury that the plaintiffs were entitled to recover the rent specified in the written lease.

The ruling and instruction were right.  The offer was insufficient to show a right of recovery, or counterclaim, of damages for fraud, even if, under the admitted facts of the case, the defendant had not precluded himself from the right to recover damages for that cause. The only effect that could be claimed for the evidence offered was that the alleged fraud avoided the contract.  But, if the fraud had been established, it would only have rendered the contract voidable at the election of the defendant, and not void; and, if he desired to disaffirm the contract on that ground, it was incumbent on him to act with promptness after the discovery of the fraud.  He could not, after such discovery, continue to treat the contract as still subsisting, availing himself of the benefits conferred by it, and afterwards relieve himself from the contract obligation by disaffirmance.  The defendant, in his answer, admits that he discovered the fraud in the winter following the commencement of his lease, and that, nevertheless, he continued to occupy the premises for about a year and a half after that.  There was nothing in the evidence offered to modify the effect of this fact as a ratification or affirmance of the contract.

Order affirmed.