S. Stearns Crooks *vs.* Andrew Nippolt and another.

August 8, 1890.

Fraud in Contract—Right to Rescind, when to be Exercised; how Lost.—It is an invariable rule that the right to rescind a contract on the ground of fraud may be exercised upon discovery thereof; but any act of ratification, after knowledge of facts authorizing a rescission, amounts to an affirmance, and terminates the right to rescind.

Action brought in the district court for Ramsey county, to recover $2,500, paid by plaintiff on account of purchase-money on a contract for sale of real estate, the ground for recovery being that the defendants' agent, in making the sale, showed plaintiff as the lot to be sold, a lot belonging to another person, and of much greater value than defendants' lot. The agreement for sale was made July 21, 1887, and October 24th the defendants tendered a conveyance. Plaintiff refused to accept the deed or to further perform on his part, and de-

manded a return of the money paid. The plaintiff appeals from an order refusing a new trial, after a trial by *Otis*, J., and judgment ordered for defendants.

*William G. White*, for appellant.

*T. R. Palmer*, for respondent.

COLLINS, J. From the findings of fact in this case, the correctness of which has not been assailed by the appellant, it appears that, on the 15th day of October, 1887, he had full knowledge of the fraud practised upon him, and had ascertained that the representations made by the respondents as to the location of the tracts of land which he had previously contracted for were false. Possessed of this knowledge he applied to the respondents, and twice obtained from them an extension of time within which to comply with the terms of his contract as to another payment, the acceptance of a deed, and the delivery of his own notes for deferred payments, with mortgages to secure the same, the last extension of time expiring October 24th. He also, after learning the facts, endeavored to procure from the respondents an acknowledgment of the contract which would entitle it to be recorded, offering at the same time to acknowledge his own signature thereto. With these facts it is impossible to see how the appellant could expect to cancel the contract, or to rescind it and recover back the amount he had paid upon his purchase, for he had ratified it with full knowledge of the fraud of his vendors. The invariable rule is that the right to rescind may be exercised upon discovery of the fraud; but any act of ratification of a contract, after knowledge of facts authorizing a rescission, amounts to an affirmance, and terminates the right to rescind. *Kraus* v. *Thompson*, 30 Minn. 64, (14 N. W. Rep. 266.) See, also, Bigelow, Fraud, (Ed. 1888,) 436; Kerr, Fraud & M. 296, 303; 2 Pom. Eq. Jur. § 964; 2 Add. Cont. 1178, 1179.

Order affirmed.