# N. A. MAYER v. HANS B. KNUDSEN and Another.[1]

June 12, 1914.

Nos. 18,629—(97).

**Contract — affirmance — finding sustained by evidence.**

A finding that the vendee did not affirm a purchase of land, subject to rescission because the wrong land was mistakenly pointed out to him as that covered by the deed, is *held* supported by the evidence, though, after knowledge of the mistake, and after demanding a rescission and restitution, the vendee gave a real estate broker an option or exclusive agency to sell for a limited period.

Action in the district court for St. Louis county to foreclose a mortgage. The defense is stated in the opinion. The case was tried before Cant, J., who made findings and ordered judgment annulling the deed from plaintiff to defendant Hans, the mortgage described therein and the note secured by the mortgage, and ordering judgment for $1,318 in favor of defendant Hans. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*William P. Harrison,* for appellant.

*A. E. McManus,* for respondents.

DIBELL, C.

This is an action to foreclose a purchase money mortgage. The defense is that the vendor, the plaintiff, misrepresented the location of the lands conveyed, and that the vendee, the defendant, rescinded because of such misrepresentation. There were findings and judgment for the defendant and the plaintiff appeals.

On January 8, 1912, the plaintiff sold to the defendant 80 acres of land for $4,800, he paying $1,200 in cash, and giving a mortgage for $3,600, due in one, two and three years. The action is to foreclose this mortgage. The plaintiff, at the time of the purchase,

1 Reported in 147 N. W. 819.

through his agent, pointed out to the defendant, as the tract of land he was purchasing, another and a much more valuable tract. This was done by mistake and without fraud.

The defendant discovered the mistake on September 20, 1912. He concededly then had a right of rescission. He at once demanded restitution and a rescission. The only question, upon the concession of the parties, is whether the right of rescission was lost by acts afterwards done which it is claimed constitute an affirmance.

The only circumstance worthy of mention as indicative of an affirmance is the fact that the defendant in October or November, 1912, gave a real estate broker, at the broker's solicitation, an exclusive agency to sell, or an option, the exact legal character of the instrument not appearing, at the price of $5,000, for 20 days. Nothing was given for it and nothing came of it. The fact of the giving of the agency or option contract is important only because of its evidentiary force in proof of affirmance.

The single circumstance stated is of far too inconclusive a character to overthrow the finding of the court that there was no affirmance of the purchase. We do not depart from the rule announced in Crooks v. Nippolt, 44 Minn. 239, 46 N. W. 349, and Marshall v. Gilman, 47 Minn. 131, 49 N. W. 688, that the right of rescission must be exercised promptly and that it is lost by waiver or affirmance. The facts in those cases differ widely from the controlling facts in the case at bar.

Reasonably prompt action is required of the vendee, and knowing of the right of rescission he must not affirm; but some sensible regard is to be given to the situation of one who has parted with a substantial sum of money, and has given his negotiable notes in a considerable amount, when he is confronted with knowledge that the land pointed out to him is not that covered by his deed. The defendant was anxious to escape without litigation the results of an unfortunate transaction. When an apparent opportunity to sell came he was willing to embrace it. The law does not condemn such act to the extent of holding that as a matter of law it is an affirmance. Whether there is an affirmance is usually a question of fact. It was so in this case;

and the finding of the court is justified. The gist of the situation, viewing the effect of the giving of the agency or option contract as an evidentiary fact bearing upon the ultimate fact of affirmance, is tersely stated by the trial court when it says that to hold that so insignificant a circumstance "should now prevent a recovery, where the right thereto would otherwise be perfect, would be to juggle away substantial rights in reliance upon a slight and inconclusive circumstance and could not be justified under equitable rules."

The case was rightly determined.

Judgment affirmed.