# ARCADE INVESTMENT COMPANY v. JOSEPHINE. HAWLEY.[1]

December 14, 1917.

No. 20,659.

**Landlord and tenant—rescission of lease.**

1. Even if it be conceded that the jury might properly find from the evidence that the tenant was induced to execute the lease because of a fraudulent promise of the landlord that no restaurant would be permitted in the building, the tenant by paying rent after a restaurant was installed precluded herself from rescinding the lease, for with full knowledge of the alleged fraud she recognized the binding force of the contract.

**Fire escapes—statute inapplicable.**

2. The restaurant, conducted in a room on the third floor of a four story building wherein there are no sleeping rooms, does not come within the operation of section 5120, G. S. 1913, requiring the building to be equipped with fire escapes or facilities for the prevention of fires.

From a judgment in justice court in favor of defendant, plaintiff appealed to the municipal court of St. Paul where the appeal was heard before Boerner, J., and a jury which returned a verdict in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Reversed.

*A. E. Horn,* for appellant.

*Charles E. Bowen* and *R. F. Schroeder,* for respondent.

HOLT, J.

In this action to recover the rent for the last month of a one year lease the defenses were: First, that plaintiff by means of fraudulent representations procured defendant's signature to the lease; and, second, that the building wherein were the demised rooms was not equipped with the facilities prescribed by law for protection against fires. Both defenses were submitted to the jury. The verdict was in defendant's favor and plaintiff appeals from the order denying a new trial.

[1] Reported in 165 N. W. 477.

The short facts are these: Lowry Annex is a four story business building in the city of St. Paul. The second, third and fourth stories are rented to a number of tenants for office and business purposes. There are no sleeping rooms in any part of the building. On July 22, 1915, defendant was a tenant therein, occupying rooms on the fourth floor as a dressmaking shop. She desired to move to the third floor. Thereupon a written lease was executed by the parties, under the terms of which defendant was to occupy two rooms on that floor for her business for one year, beginning September 1, 1915, and paying to plaintiff as rent the sum of $60 per month in advance. She took possession under this lease and paid the stipulated rent to July 31, 1916, when she vacated. About May 1, 1916, a restaurant was established in a room across the hall from defendant's dressmaking shop, notwithstanding the promise made by plaintiff to defendant, as she claims, that if she would execute the lease no restaurant would be permitted in the building.

The theory of this first defense is that plaintiff, to induce defendant to execute the lease, falsely made the promise to keep restaurants out of the building, its intention being at the time the promise was given to not keep it, thus bringing the case within such decisions as Albitz v. Minneapolis & Pac. Ry. Co. 40 Minn. 476, 42 N. W. 394; McElrath v. Electric Investments Co. 114 Minn. 358, 131 N. W. 380; and Edward Thompson Co. v. Schroeder, 131 Minn. 125, 154 N. W. 792. It is not at all clear that the evidence would justify the jury in finding the existence of a fraudulent intent to violate the given promise. If, at the time of making the promise, the intention was to abide by it, the subsequent breach would not furnish the basis for a rescission of the lease. But, even conceding the evidence to justify an inference of the existence of a fraudulent intent at the time the promise was given not to keep it, we think defendant, by paying rent after the restaurant was installed, precluded herself from rescinding. She testified that the restaurant was opened about May 1, 1916, so that she likely knew when the rent was paid for that month that plaintiff did not mean to keep its promise, but, at any rate, she paid the June rent after the restaurant had been running a month to her certain knowledge. Not until late in June or, more likely, in July did she complain of its existence. It is elementary that the one who desires to rescind a contract, which he was induced to enter through

the other party's fraud, must act promptly upon discovery of the fraud. If with knowledge of the deception he recognizes the binding force of the contract, or takes advantage of its benefits, he cannot rescind. Crooks v. Nippolt, 44 Minn. 239, 46 N. W. 349; Parsons v. McKinley, 56 Minn. 464, 57 N. W. 1134.

The court left the jury to determine whether Lowry Annex was equipped with the safety devices against fires prescribed by chapter 569, p. 840, Laws 1913. In our opinion that statute is not applicable. This building is not covered by sections 6 and 7 thereof (sections 5118 and 5119, G. S. 1913), for those apply to hotels and restaurants having 10 or more sleeping rooms. The scope of section 8 (section 5120), the one read to the jury by the court, insofar as it relates to safety equipment against fires is thus expressed: "That within six months after the passage of this act every hotel and restaurant in this state, occupied and used as such, and which is more than three stories high shall be equipped," etc. No part of Lowry Annex above the third floor was occupied or used as a restaurant. Therefore this restaurant being on the third floor, was not more than three stories high. It cannot for a moment be supposed that the legislature intended that, if a few rooms were rented for a restaurant on the first floor of a building of four or more stories, all the stories thereof must be equipped with the facilities for fire prevention and escape prescribed by this section. There was no violation by the lessor of a penal statute shown whereby the lease could be avoided. The doctrine of Leuthold v. Stickney, 116 Minn. 299, 133 N. W. 856, 39 L. R. A. (N. S.) 231, Ann. Cas. 1913B, 405, has no application to the facts herein.

The evidence failed to establish any defense, and a new trial must be had.

Order reversed.