## MICHAEL DEFIEL v. JONAS ROSENBERG.[1]

November 21, 1919.

No. 21,394.

**Contract — rescission for fraud after part performance.**

1. A person who has been induced to enter into an executory contract by fraud, upon a discovery of the fraud, the contract then being only partly performed, may disaffirm and rescind as to future performance, retaining the right to be restored to his former position by way of damages or other appropriate relief.

**Same — no damages after affirmance.**

2. He cannot elect to affirm the contract, go forward with the performance thereof, and claim damages to accrue therefrom in the future.

[1]Reported in 174 N. W. 838.

Two actions in the district court for Hennepin county to recover instalments of rent aggregating $1,500. The allegations of the answer are stated in the second, fourth, and fifth paragraphs of the opinion. The cases were consolidated and tried together before Fish, J., who at the opening of the trial granted plaintiff's motion for judgment on the pleadings, plaintiff objecting to the introduction of any testimony on behalf of defendant under his allegations in his counterclaims. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*Robert S. Kolliner* and *Rose & Brill,* for appellant.
*Herbert P. Keller* and *Bruce J. Broady,* for respondent.

BROWN, C. J.

In February, 1916, by written contract, plaintiff leased to defendant certain premises situated in the city of St. Paul for the term of 99 years at the annual rental of $3,000 payable quarterly. Defendant entered into possession of the premises and thereafter made all quarterly payments of rent as they became due until March, 1918, when he defaulted. This action was brought to recover the instalment of rent then due. Defendant again defaulted in the payment of the instalment which fell due on June 1, 1918, and plaintiff brought a second action to recover the same. At the trial the actions were consolidated and tried as one.

Defendant alleged in defense and as a counterclaim that he was induced to enter into the contract by certain alleged false and fraudulent representations made by plaintiff at the time of the transaction, the falsity of which, according to the allegations of the answer, will cause a loss and damage to him in the sum of $1,100 annually during the period of the lease; a grand total of $108,900, for which he demands judgment against plaintiff. Defendant did not rescind the contract for the alleged fraud, upon a discovery thereof, but retained, and, so far as the pleadings disclose, still retains the possession of the leased premises.

At the opening of the trial the court granted plaintiff's motion for judgment on the pleadings, on the ground that the answer stated neither a defense nor valid counterclaim. Judgment was so entered and defendant appealed.

Defendant leased the premises, an apartment house, for the purpose

of subletting the various rooms therein to third persons, and agreed to pay the stated annual rental. The answer alleges that he was induced to enter into the contract by certain false and fraudulent representations, the falsity of which he alleges will cause the damage claimed. It alleges that plaintiff falsely represented that the cost and expense of heating the premises did not exceed the sum of $360 per year, and that the incidental expense of light, water and repairs did not exceed $100 per year; that the janitor service could be procured and had for $180 per year; that such representations were false and untrue, for the items of expense referred to greatly exceeded the amounts stated. The answer also alleges that plaintiff falsely represented that the several apartments were at the time occupied by responsible tenants who paid their rent in advance; that the representation was untrue, for a number of tenants were then in arrears and in default. It alleges that plaintiff fraudulently concealed the fact that some of the apartments were furnished by him, a fact defendant claims was important for him to know in entering into the contract; that one of such furnished apartments was held in reserve for a man of wealth who occupied it occasionally for immoral purposes, which fact was not disclosed. The answer also alleges that plaintiff falsely represented that the annual income from the rents was not less than $3,300 per year, which, if true, would leave a net profit to defendant in the sum of $300, and that the representation was untrue, for there was and would be to defendant an annual loss of $1,100, instead of a profit of $300.

The answer also alleges that defendant relied upon and was induced to enter into the contract by the representations stated, and that by reason of other engagements he did not discover the fraud so perpetrated until "several months prior to the commencement of the action;" that he offered to rescind the contract but that plaintiff declined the offer, but there is no allegation that defendant rescinded in fact by returning the premises to plaintiff or otherwise; on the contrary, his answer proceeds on the theory that he may retain the possession of the premises under the lease and recover the damages claimed.

The rights of a person who has been induced to enter into a contract by fraud or fraudulent representations are well settled and require no extended statement or discussion. As to executed contracts, those that

have been fully performed by both parties, the defrauded party, upon discovery of the fraud, may elect to rescind the contract and demand to be placed in statu quo, or he may affirm, for the contract in such case is only voidable, and recover the damage caused by and resulting from the fraud. Haven v. Neal, 43 Minn. 315, 45 N. W. 612. Where, at the time of the discovery of the fraud or the facts disclosing it, the contract is yet wholly executory, the defrauded party, under our decisions, whatever may be the rule elsewhere, has but one remedy, namely, prompt rescission and disaffirmance. Encyclopedia Press, Inc. v. Harris, 140 Minn. 145, 167 N. W. 363. He cannot in such case elect to affirm or stand by the contract and recover damages for the fraud, for by continuing the contract, knowing the fraud, his injury would be self-inflicted. Thompson v. Libby, 36 Minn. 287, 31 N. W. 52; 2 Notes on Minn. Reports 981.

In the case at bar the contract, at the time the fraud was discovered, had been partly performed. Defendant had taken possession of the leased premises and paid the stipulated rent for a year and a half before he discovered that he had been defrauded. But the part of the contract then in fact performed was a mere trifle of the whole, for the lease then had nearly a hundred years to run. In a situation of that kind, we think the rule last stated, namely, that as to rights arising under a contract, yet wholly executory when the fraud is discovered, should apply by analogy to the partly performed executory contract. In a case of that kind the defrauded party should be required, as to the future operation of the contract, which may be treated as severable from that which has been performed, promptly to rescind, retaining the right to be restored to his former position by way of damages or other appropriate relief. He should not be permitted to treat the contract as subsisting and go forward with the performance thereof, notwithstanding the fraud, and be entitled to damages to accrue from such future performance, thus to speculate upon the fraud and be the instrument of his own loss. Thompson v. Libby, supra.

There is high authority for the proposition that, even in the case of the partly performed executory contract, the remedy of prompt rescission and disaffirmance is exclusive, and, where there is no such rescission, no damages for the fraud can be had, the fraud being waived. Si-

mon v. Goodyear Metallic Rubber Shoe Co. 105 Fed. 573, 44 C. C. A. 612, 52 L.R.A. 745; Kingman & Co. v. Stoddard, 85 Fed. 740, 29 C. C. A. 413. Such was the result, though the point was not, perhaps, expressly so decided in Bell v. Baker, 43 Minn. 86, 44 N. W. 676. But we prefer the rule which requires prompt rescission as to the unperformed part of the contract, and we adopt it as appropriate and equitable in such cases, affording, as it will, full and adequate relief.

Humphrey v. Sievers, 137 Minn. 373, 163 N. W. 737, is different from this case in its facts and did not involve damages to accrue from future performance of the fraudulent contract.

We do not stop to consider the various elements of damages set forth and alleged in defendant's answer. It is sufficient to say that for any actionable fraud therein alleged defendant may recover to the extent stated. Nor is it necessary or proper to discuss the question as to when defendant discovered the fraud; the pleadings make it an issue of fact.

Judgment reversed.