## MICHAEL J. O'NEIL v. WATSON P. DAVIDSON.[1]

November 26, 1920.

No. 21,989.

**Trial of case by jury not prejudicial to defendant.**

1. The refusal to transfer the case to the court calendar prejudiced no rights of defendant.

**Defendant estopped by his conduct after discovery of fraud.**

2. The evidence conclusively established that defendant, after learning of the deceit of which he complains, remained in possession of the leased premises and paid several instalments of rent. Such conduct affirms the lease, and equity will not decree a rescission.

**Measure of damages — case followed.**

3. The rule of damages stated in Defiel v. Rosenberg, 144 Minn. 166, is adhered to, namely, that, where a lessee has been induced to execute a lease through misrepresentation and deceit of the lessor, the lessee may not, after he has full knowledge of the fraud, remain in possession and recover damages arising through the fraud practiced during the unexpired part of the term. He may recover all damages sustained up to the discovery of the fraud.

[1]Reported in 180 N. W. 102.

Action in the district court for Ramsey county to recover $5,000. The facts are stated in the opinion. The case was tried before Michael, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $886.94. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Lightner & Young,* for appellant.

*Baldwin, Schroeder* and *Linus O'Malley,* for respondent.

HOLT, J.

Plaintiff sued for five monthly instalments of rent, and defendant counterclaimed, alleging that by the misrepresentations of plaintiff as to the rentals and operating expenses of the property leased for the year immediately prior to the negotiations, defendant was induced to execute the lease, and asking for rescission and $10,000 damages. The jury allowed something over $4,000 damages as an offset upon the rent due, rendering a verdict in favor of plaintiff for $886.94. Defendant appeals from the order denying him a new trial.

The property leased is the Globe Building, a ten-story office building on the corner of Cedar and Fourth streets in the city of St. Paul. The term is for 99 years, from April 1, 1917, and the rent $12,000 a year, payable in instalments of $1,000 per month in advance for the first five years, and thereafter semiannually. Possession was taken, and is still retained by defendant. The rent was paid without objection up to April, 1919. On the trial the fraudulent representations narrowed down to statements relating to the operating expenses of the building during the year preceding the making of the lease. Defendant claiming that these were represented to be $15,500, whereas in fact they were over $19,500. As the case was submitted, the jury virtually accepted defendant's claim as true. On this appeal respondent cannot attack the verdict, and appellant does not take exception to the action of the jury within the limits prescribed by the court.

The errors assigned challenge the action of the trial court in three particulars: (1) Refusing to transfer the case to court calendar; (2) ruling that the evidence did not justify a cancelation of the lease; and (3) charging the jury that defendant could not recover damages subse-

147 M.—16.

quent to the time he with full knowledge of the misrepresentations continued in possession under the lease.

No reversible error may be found in the refusal to transfer to the court calendar. Plaintiff's case was properly for the jury, and so was the counterclaim for damages. The motion to transfer was first made when the trial began, and we are not convinced that defendant was prejudiced by the position, evidently taken by the trial court, that the evidence should be taken, and then it could be decided whether the issues should be determined by the court or by the jury. If defendant be correct in the contention that the evidence made out a case for rescission, he could have protected his rights by moving the court, either before or after verdict, for findings on that issue. This was not done.

But we are clear that the evidence conclusively established an affirmance of the lease by a continuing in possession and the payment of several instalments of rent after discovery of the alleged misrepresentations and fraud, hence equity could grant no relief. Bell v. Baker, 43 Minn. 86, 44 N. W. 676; Crooks v. Nippolt, 44 Minn. 239, 46 N. W. 349; Marshall v. Gilman, 47 Minn. 131, 49 N. W. 688; Parsons v. McKinley, 56 Minn. 464, 57 N. W. 1134; Arcade Inv. Co. v. Hawley, 139 Minn. 27, 165 N. W. 477.

Defendant is shown to have had years of experience in operating large office and business buildings. He was furnished by plaintiff with the rent roll of the building upon taking possession. From it he could not avoid seeing that the rentals were not what he alleges plaintiff represented them to be. This ought to have aroused his suspicions as to the truth of representations in respect to the amount of the operating expenses, if in fact there were any representations at all upon which he relied. Again, from the time of taking possession, his confidential agent, in charge of the premises, furnished defendant with monthly reports, showing in detail the rental income and operating expenses. So that at the end of the first year of the lease he had a full summary disclosing the total operating expenses to have exceeded $19,500 for that year. Nevertheless, he remained in possession, paying promptly the monthly instalments of rent up to April 1, 1919, without an intimation of the existence of any cause for questioning the validity of the lease, and not until May 5, 1919, when importuned to pay the rent in arrears,

did he suggest a cause. In the argument it was asserted that defendant did not have, and could not obtain, full knowledge of the falsity of the representations until the trial when plaintiff's books and accounts could be inspected. It seems to us that this argument is without much force, when defendant's business in general and his actual experience in particular with this building is considered. It is not conceivable that after ascertaining the amount of the operating expenses from April 1, 1917, to April 1, 1918, he could remain ignorant as to the approximate amount of those expenses for the preceding year, for he was in the business of conducting such buildings both years, and no doubt was well posted as to the variation, if any, in the relative prices for the labor, commodities and material that made up such expenses during the two years.

The damages recoverable under the counterclaim were by the court's instructions confined to those arising prior to the discovery of the fraud and the affirmance of the lease. The charge is in harmony with the rule announced in Defiel v. Rosenberg, 144 Minn. 166, 174 N. W. 838. But counsel earnestly contends that the pronouncement of the rule was not necessary to a decision and must be regarded as obiter. It is also claimed that the rule does not accord with other decisions involving contracts partly executed. The rule was formulated advisedly upon mature consideration. The contention now made by defendant was there pressed to the utmost by forceful arguments of able attorneys. It was not obiter, for the case was to be remanded for trial. And to avoid a mistrial it was highly important to the parties, and their arguments so indicated, that the appeal should determine during what period damages might be recoverable. We are still of the opinion that the rule adopted works out that just compensation which the law aims to give a party who has been induced to enter a long time lease by misrepresentation.

The instant case illustrates the injustice that might result from the rule defendant urges. The lease contains a provision giving defendant the absolute right to terminate the tenancy any time after March 31, 1918, upon payment of $10,000. Under defendant's theory that a recovery could be had up to the trial, we see no ground to refuse a recovery for the whole term. And at the rate that the jury awarded damages for the time to which they were limited, the recovery for the whole term would necessarily amount to a very large sum. The defendant could

then terminate the lease by the payment of the $10,000 and have a fortune to the good. Such a result may well serve to cast a doubt upon the justice and expediency of the rule contended for.

It is firmly established in this state that compensation and not loss of bargain is the measure of damages in actions founded on deceit inducing the making of a contract. Compensation is measured by the difference in value between what was parted with and what was received. In the case of a lease, where there are stated definite periods for which a stipulated rent is to be paid, the amount of such rent for any one period, ordinarily, measures what the tenant parts with, and the value of the use of the premises measures what he receives for that period. The tenant, with full knowledge of the deceit that has been practiced, should not be permitted thereafter to enter upon any subsequent rental interval period and hold in reserve an action for damages for the deceit. The law requires the one wronged to use diligence to prevent accumulation of damages. Morey v. Pierce, 14 Ill. App. 91. Or, as said in Defiel v. Rosenberg, supra, he is not entitled to "speculate upon the fraud and be the instrument of his own loss." For the purpose of general damages, each recurring rent payment marks what may be considered as a beginning of the balance of the term, what has passed being wholly executed, what is left being severed therefrom and wholly executory. It is well settled in this state, since the decision in Thompson v. Libby, 36 Minn. 287, 31 N. W. 52, that if the deceit is discovered while a lease or any other contract is wholly executory an action for damages will not lie. And it seems to us that the same rule should hold true as to future general damages that might accrue to a tenant who pays rent and remains in possession after knowledge of the deceit by which he was led to execute a lease, there being no special circumstances that would make it inexpedient to surrender possession. No special damages are involved in the instant case.

We do not think Defiel v. Rosenberg, supra, is at all in conflict with prior decisions of this court.

Haven v. Neal, 43 Minn. 315, 45 N. W. 612, was a contract for the purchase of logs. A large advance payment had been made and at least part of the logs were handled and sawed before the defrauded party ascertained the truth. The contract was not of a nature easily severable.

Stearns v. Kennedy, 94 Minn. 439, 103 N. W. 212; Ritko v. Grove, 102 Minn. 312, 113 N. W. 629; Humphrey v. Sievers, 137 Minn. 373; 163 N. W. 737; Townsend v. Jahr, 147 Minn. 30, 179 N. W. 486, all relate to sales or exchanges of land, where neither the occupancy nor payment of part of the purchase price resembles the occupancy and rents paid under a lease, in that the latter lends itself to severance so as to award just compensation for the part of the term occupied in ignorance of the deceit. After discovery of the deceit all damages not then actually inflicted must arise during and in the enjoyment of that period of the lease which is wholly executory.

The order is affirmed.