# MICHAEL J. O'NEIL v. WATSON P. DAVIDSON.[1]

## July 15, 1921.

## No. 22,226.

**Evidence sufficient that broker was agent of lessor.**

1. The evidence is sufficient to sustain a finding that a broker who negotiated a lease of certain property in controversy was the agent of the lessor.

**Untrue statement of income and expenses submitted by broker to lessee.**

2. There is evidence that the broker submitted to the lessee an untrue statement of the income of the property and the expenses of operation, as a statement covering the preceding year. If the broker was the agent of the lessor, it is not material when or by whom the statement was prepared.

**Evidence sufficient that lessee relied on untrue statement.**

3. There is evidence that the lessee relied on the statement as to expenses of operation.

**Discovery of true income does not charge lessee with knowledge of actual expenses.**

4. The evidence was not conclusive that the lessee waived the alleged fraud. The fact that before taking possession he discovered the untrue character of the portion of the statement relating to income, does not conclusively charge him with knowledge of the facts as to the portion relating to expenses of operation.

**Damages — evidence sufficient to support verdict on theory of charge to jury.**

5. There is evidence to sustain the finding of damages on the theory on which the case was submitted.

The former appeal by defendant from the denial of a new trial is reported in 147 Minn. 240, 180 N. W. 102. Defendant's motion for judgment for $5,000, notwithstanding the verdict for $886.94, was denied. From the judgment entered on the verdict, plaintiff appealed. Affirmed.

[1] Reported in 184 N. W. 194.

*Baldwin Schroeder* and *Linus O'Malley,* for appellant.
*Lightner & Young,* for respondent.

HALLAM, J.

On March 22, 1917, plaintiff leased to defendant the Globe Building, an office building in St. Paul, for the term of 99 years. The first year's rent was paid in advance, and thereafter defendant paid rent monthly until April 1, 1919. This action was brought to recover $5,000, the rent from April to August, 1919, inclusive. Defendant counterclaimed, alleging damages for misrepresentation inducing the lease. The jury returned a verdict for plaintiff in the sum of $886.94. They thus allowed defendant $4,213.06 on his counterclaim. Defendant moved for a new trial, contending that he was entitled to greater damages. The motion was denied and defendant appealed. The order was affirmed. O'Neil v. Davidson, 147 Minn. 240, 180 N. W. 102. Plaintiff moved for judgment notwithstanding the verdict. The motion was denied and judgment was entered. Plaintiff has now appealed.

1. The representations relied upon are alleged to have been made by William Egeland, a broker concerned in the negotiation of the lease. The claim is that Egeland submitted a written statement showing that the gross annual rent of the building was $33,168, and the total annual expense of maintenance and operation was $15,557.80, and that these figures were untrue.

Plaintiff contends that the proof is not sufficient to show that Egeland was his agent. We think it is. It appears that Egeland had some talk with defendant pertaining to a lease of the Globe Building before he secured any agency agreement from plaintiff, but this is not uncommon and is not necessarily inconsistent with his ultimate agency for plaintiff. Egeland testified that he was plaintiff's agent; that he had an oral agreement with plaintiff to act as his agent for a stipulated commission long before the lease was closed and that, on the same day on which the lease was closed, an agreement between them was made in writing, which agreement recited that Egeland had negotiated the lease for plaintiff, and in which plaintiff agreed to pay Egeland a commission. Plaintiff denied the agency and gave such an explanation of the making of the written contract that it was probably not conclusive upon

him, but the evidence is sufficient to sustain a finding that Egeland was plaintiff's agent.

As above stated, the claim of misrepresentation is that, during the course of the negotiation, Egeland submitted to defendant a statement containing an untrue showing of the income of the building and the expense of its operation. This statement showed "gross rentals $33,168," and "expenses" aggregating $15,557.80, itemized under sub-headings as follows: Taxes, $4,128; insurance, $250; coal, $3,850; water, $325; light, $540; labor, $5,340; toilet service, $124.80; repairs and incidentals, $1,000; showing also a balance to the good of $17,610.20.

It is not shown that plaintiff prepared this statement, but this is not material. If, as the jury found, Egeland was plaintiff's agent, the result of his submitting it is the same as though it had been prepared by plaintiff himself.

The statement was an old one which Egeland had in his office, but the evidence sustains a finding that it was submitted to defendant as a statement as of the preceding year. There were large items of expense, such as for power and manager's charges, which were not mentioned in the statement, but we think it a permissible inference from defendant's evidence that it was submitted as a complete statement. The evidence shows that the actual expenses were substantially more than the total of the statement submitted, or, in other words, that the statement was untrue.

3. Plaintiff contends that defendant did not rely on this statement. His testimony is that he did.

The evidence is that defendant discovered the facts as to the rental return prior to the time that he took possession of the building. Any representation as to rentals was therefore waived and was properly eliminated by the trial court.

We think there is sufficient evidence that defendant relied on the representations as to the expenses as shown in the statement. In one part of defendant's testimony, he said he relied on the showing of the statement as to the net return, but this does not seem to us at all conclusive that he placed no reliance on the showing of expense of maintenance. This was one of the items that went to make up the

net return. Even if he was influenced only by the net return, he might be misled by a statement false only as to the items on one side of the ledger.

There is evidence that defendant knew that there was some expense for power and manager's charges, but we think it does not conclusively appear that he knew these expenses were not included in the statement.

It appears that defendant was a man of large experience in realty matters, but we still think a jury might find that he had been deceived.

4. Nor do we think the proof conclusive that defendant waived the fraud for which he recovered damages. The damages recovered were, by the court's instructions, limited to those arising prior to the discovery of the falsity of the representation. From the amount of damages allowed, we must infer that the jury found that the falsity of the representations was not discovered for something like the period of a year. The claim of waiver is based on the contention that defendant was charged with knowledge of the falsity of these representations at the time he took possession under the lease. The evidence as to this is not conclusive against defendant. He had knowledge at that time of the falsity of the statement as to rentals, but there is evidence that he had not such knowledge as to the expenses. Nothing in the decision on the former appeal was intended to conclude defendant on this point.

5. The court instructed the jury that the measure of damages was the difference between the represented expense and the actual expense of operation, from the time of the commencement of the lease until defendant was chargeable with knowledge of the true state of facts. No exception was taken to this charge and no error is predicated upon it. There is evidence from which the jury might, on this basis, compute damages in the amount allowed.

Judgment affirmed.