CENTRAL HANOVER BANK & TRUST COMPANY AND
OTHERS v. W. T. PRICE.[1]

April 28, 1933.

No. 29,386.

[1]Reported in 248 N. W. 287.

*Kingman, Cross, Morley & Cant* and *A. L. Beardsley,* for appellants.

*Frank E. Clinite* and *Ellsworth, Clinite, Anderson, Dills & Dahl,* for respondent.

*HOLT, Justice.*

Plaintiffs appeal from an order vacating a judgment entered on default and permitting defendant to interpose a proposed answer.

Vacating a default judgment is largely discretionary; but if it appears that the proposed answer states no defense, it is an abuse of judicial discretion to vacate the judgment. We therefore go directly to the merits of the proposed answer. The complaint alleged that plaintiffs' grantors, as lessors, by written lease, let the second floor of a two-story brick building known as No. 25 South Fifth street in Minneapolis, Minnesota, for the term of ten years from and after April 1, 1926, to C. S. Stevens, the rent to be $150 per month for the period from April 1, 1929, to March 31, 1931, and $162.50 per month from the period from April 1, 1931, to March 31, 1934. That on April 27, 1927, said Stevens by written instrument sold and assigned his right, title, and interest in the lease and premises to defendant, and the latter by the same instrument assumed all the obligations of the lease and covenanted and agreed to pay the rent stipulated; that ever since said date defendant has been and is in possession of the demised premises pursuant to the lease and assignment thereof; that by the terms of said lease $150 rent became due June 1, 1930, and a like sum on the first day of

every month thereafter up to and including March 1, 1931, and $162.50 on the first of each and every month thereafter to and including September 1, 1931, a total of $2,475, no part of which had been paid except $650; and judgment was asked for $1,825 with interest. Upon filing affidavit of no answer judgment was entered on March 8 for $1,997.

The proposed answer admitted the lease and alleged that Stevens, prior to April 27, 1927, and at the time of the assignment of the lease to defendant, was conducting his business in the premises leased, but that he was in poor health, his business was impaired, and he was unable to continue therein, all of which was well known to plaintiffs and unknown to defendant; that knowing the premises were undesirable and that the leasehold interest of Stevens was of no value, plaintiffs conspired with Stevens fraudulently to induce defendant to accept the assignment of the lease and to assume its obligation for the remainder of the term, and that in furtherance of such fraudulent conspiracy plaintiffs did falsely assure defendant that Stevens was in a sound financial condition, that the leasehold was of much greater value than the rent payable thereunder, and that Stevens was well able to continue to occupy the premises and pay the rent; and further to induce defendant to accept the assignment of the lease plaintiffs, through connivance with Stevens, agreed with defendant that Stevens would continue to occupy and pay rent for the remainder of the lease, or until defendant could lease the premises to others at a greater sum than in the lease provided; that defendant relied on the representations; that they were false, to the knowledge of plaintiffs; that soon after the assignment of the lease to defendant, Stevens failed and vacated the premises, and defendant has been unable to obtain any income from the property, but has paid $7,712.50 rent to plaintiffs and paid for light under the lease $720; that all of the payments were made in reliance upon plaintiffs' representations being true, and that defendant did not know of their falsity until March 18, 1932. There are some allegations of promissory representations as to the erection of a building upon adjoining land and the improvement of another building standing near; but on the showing made on the motion to

vacate the judgment it so clearly appeared that the promissory representations came true that no claims were made thereon in the brief or oral argument in behalf of defendant. There is a general denial in the answer. This puts in issue the possession of defendant, which the complaint alleged to have been continuous since the assignment of the lease. This denial in the answer also appeared to be wholly false upon the hearing, for no attempt was made to deny the affidavit of Torrance that defendant was in possession of the leased premises.

We are clear that by paying the rent and holding possession of the leased premises for three years after knowledge of the falsity of the alleged representations made by plaintiffs to induce defendant to accept an assignment of the lease and assume its terms and covenants defendant has affirmed the contract. The alleged conspiracy with Stevens is of no significance now. The defendant must stand on the misrepresentations alleged. Giving the utmost effect to the allegations of false and fraudulent representations, whether made by plaintiffs or their alleged coconspirator, Stevens, all thereof relate to the rental value of the leasehold, the rentability of the premises, the financial responsibility of Stevens, his dependability to remain as a subtenant of defendant and ability to pay the rent until defendant could sublet to some other person at a profit. Without stopping to consider whether some or all of these alleged misrepresentations are actionable, we may assume them to be so for the purposes of this case. Defendant, according to the allegations of the proposed answer, ascertained the falsity of every one of them within a very few months after he accepted the assignment; yet with such knowledge he paid the rent monthly and remained in possession. It is now too late to disaffirm or rescind the assignment. If a lessee or his assignee is to avoid a lease or its assignment for fraudulent or false representations inducing the execution and acceptance of the instrument, he must act promptly after knowledge of the falsity of the representations. By paying rent from month to month with such knowledge, he affirms the contract. His only remedy after affirmance is an action for damages. The following decisions by this court are decisive of the question: Bell v.

40

Baker, 43 Minn. 86, 44 N. W. 676; Defiel v. Rosenberg, 144 Minn. 166, 174 N. W. 838; O'Neil v. Davidson, 147 Minn. 240, 180 N. W. 102. The proposed answer contained no counterclaim. It stated no defense. It was an abuse of judicial discretion to vacate the judgment and permit this answer to be interposed.

The motion to vacate the judgment was heard upon affidavits and the pleadings in a second action brought by plaintiffs against defendant to recover rent accruing subsequently to that included in the judgment. It appears that plaintiffs moved to strike out the answer in the second action as sham, false, and frivolous. That answer was the same as the one herein, except that it contained also a counterclaim for damages for the alleged false representations. There was also the order of the court who heard that motion refusing to strike. The merits of that order are not for review on this appeal.

The order appealed from is reversed with directions to the court to reinstate the judgment.

[1]Reported in 248 N. W. 281.